## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN (JACKSON) DIVISION

**KIRK VINCENT MAYERS**                                    **PETITIONER**

**VERSUS**                          **CIVIL ACTION NO.  3:14CV372 HTW-LRA**

**CHRISTOPHER EPPS**                                      **RESPONDENT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner Kirk Vincent Mayers filed a petition for writ of habeas corpus relief on May 6, 2014.  Respondent filed a motion to dismiss asserting that the petition is barred pursuant to 28 U.S.C. § 2244(d) as untimely under the Antiterrorism and Effective Death Penalty Act of 1996.  Alternatively, Respondent argues that the instant petition should be dismissed for failure to exhaust state court remedies pursuant to 28 U.S.C. § 2254.  The Court recommends that the petition be dismissed for the reasons that follow.

Petitioner Mayers was sentenced to serve consecutive prison terms in the custody of the Mississippi Department of Corrections following his conviction in the Circuit Court of Rankin County, Mississippi, on two counts of aggravated assault upon a law enforcement officer (Counts I and II); one count of possession of a stolen firearm (Count III); and, one count of possession of a firearm by a convicted felon (Count IV).  On September 11, 2008, Mayers was sentenced to thirty years each for Counts I and II, five years for Count III, and three years for Count IV.  In addition, he was sentenced to serve two 10-year terms for the use of a firearm during the commission of a felony.[1]  On February 23, 2010, the Mississippi Court of Appeals affirmed Mayers's convictions, but

---

[1]ECF No. 9-2, pp.1-4.

vacated and remanded in-part for re-sentencing. *Mayers v. State*, 42 So.3d 33 (Miss. Ct. App. 2010), *reh'g denied*, June 22, 2010, *cert. denied*, August 19, 2010. Mayers did not petition the United States Supreme Court for writ of certiorari. He signed an Application for Leave to File a Motion for Post-Conviction Relief on May 29, 2012, which was stamped "filed" in the Mississippi Supreme Court on June 1, 2012. The motion was subsequently denied on July 18, 2012. On August 12, 2013, Mayers filed a second motion for post-conviction relief which was denied by the Mississippi Supreme Court on May 28, 2014. Mayers signed the instant petition on April 25, 2014, and the petition was stamped as "filed" in this Court on May 6, 2014.[2]

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition under 28 U.S.C. § 2244(d)(1). AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2]ECF No. 9-1--9-7.

> (d)(1)(2)The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).  Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court.  *See Cantu-Tzin v. Johnson*, 162 F.3d 941, 944 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 847 (1999).  AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing."  *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Mayers's conviction became final on November 17, 2010, 90 days after the Mississippi Supreme Court denied certiorari review on August 19, 2010.  Because the time period during which Petitioner could have sought further review is added to the date his direct appeal ended, he is credited with the 90-day time period permitted for seeking a writ of certiorari in the United States Supreme Court.  *See* Rule 13(1) of the United States Supreme Court Rules; *see also Roberts v. Cockrell,* 319 F.3d  690, 694 (5th Cir. 2003) (state court judgment becomes final for AEDPA purposes when the time to file a petition for writ of certiorari with the Supreme Court has expired, i.e., 90 days after the judgment

is entered).  Thus, to toll the statute of limitations, Mayers was required to file a "properly-filed" motion for post-conviction collateral relief in state court on or before November 17, 2011.  Because he did not file a motion for post-conviction relief until June 1, 2012, AEDPA's one-year statute of limitations ran uninterrupted from November 17, 2010, to November 17, 2011.  Absent statutory or equitable tolling, his federal habeas petition filed on May 6, 2014, (signed on April 25, 2014), is untimely.

Mayers has filed no response or otherwise challenged the motion to dismiss. Accordingly, he has failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the one-year statute of limitations.  *Holland*, 130 S.Ct. at 2562. In the absence of any evidence warranting statutory or equitable tolling, Mayers's habeas petition is barred by the statute of limitations, and should be dismissed with prejudice. Because the Court so finds, it declines to address Respondent's alternative argument that Petitioner has also failed to exhaust his state court remedies.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

4

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 22nd day of January, 2015.

/s/  Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE

5